ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Defendant*
**LAS VEGAS DEVELOPMENT GROUP, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>          Plaintiff,<br><br>vs.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC, MARIA TERESA CASTRO, TIERRA DE LAS PALMAS OWNERS ASSOCIATION and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.   2:14-cv-1928 |

**MOTION TO DISMISS**

COMES NOW, Defendant, LAS VEGAS DEVELOPMENT GROUP, LLC (*"LVDG"*), by and through its attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby presents its Motion to Dismiss.  This Motion is made and based upon the attached memorandum

//

//

//

//

2119 Spanish Town Avenue

of points and authorities, all pleadings, papers and documents on file herein, and any oral argument that the Court may entertain at the hearing of this matter.

DATED this ____7th____ day of December, 2015.

ROGER P. CROTEAU & ASSOCIATES, LTD.


 /s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorney for Defendant*
**LAS VEGAS DEVELOPMENT GROUP, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

For the past several years, the purchasers of real properties at homeowners association lien foreclosure sales have been embroiled in litigation with purportedly secured deed of trust holders such as the Plaintiff herein regarding the force and effect of NRS §116.3116, which provides a homeowners association with a superpriority lien on an individual homeowner's property for up to nine months of unpaid homeowners association dues.  In a nutshell, the purchasers of these properties have always asserted that homeowners association lien foreclosure sales served to extinguish all junior liens, including a first position deed of trust, pursuant to black letter lien law.  Mortgage holders incorrectly asserted that their security interests survived the homeowners association lien foreclosure sales.  The purchasers of the properties recently prevailed on this argument.

Until recently, the conflicting positions of the purchasers and the purported secured mortgage holders were the subject of significant dispute.  However, on September 18, 2014, the Nevada Supreme Court, in the matter of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408, 2014 WL 4656471 (Adv. Op. No. 75, Sept. 18, 2014), definitively

2119 Spanish Town Avenue

determined that the foreclosure of an HOA's superpriority lien does indeed extinguish a first deed of trust, stating as follows:

> We must decide whether this is a true priority lien such that its foreclosure extinguishes a first deed of trust on the property and, if so, whether it can be foreclosed nonjudicially. We answer both questions in the affirmative and therefore reverse.

Pursuant to its decision in *SFR Investments Pool*, the Nevada Supreme Court resolved the divergent opinions that previously existed in the state and federal courts of the State of Nevada regarding the force, effect and interpretation of NRS §116.3116 *et seq*. In doing so, the Nevada Supreme Court clarified that the statute provides a homeowners association with a true superpriority lien over real property that can and does extinguish a first deed of trust when non-judicially foreclosed. *Id.* The Nevada Supreme Court also recognized that a foreclosure deed "reciting compliance with notice provisions of NRS 116.31162 through NRS 116.31168 'is conclusive' as to the recitals 'against the unit's former owner, his or her heirs and assigns and all other persons.'" *See id.* at *3 (citing NRS 116.3116.31166(2)). Moreover, under Nevada law, the HOA foreclosure sale and the resulting foreclosure deed are both <u>presumed valid</u>. NRS 47.250(16)-(18) (stating that disputable presumptions exist "that the law has been obeyed"; "that a trustee or other person, whose duty it was to convey real property to a particular person, has actually conveyed to that person, when such presumption is necessary to perfect the title of such person or a successor in interest"; "that private transactions have been fair and regular"; and "that the ordinary course of business has been followed.").

Mortgage holders such as the Plaintiff herein have been loath to accept the fact that their interpretation of the law was wrong and that the security interests that they formerly possessed have been extinguished. As a result, they are desperately turning to various other arguments such as those raised in this action. These arguments, like all of the specious arguments that the mortgage holders have made to date, are without merit.

At issue herein is real property commonly known as 2119 Spanish Town Avenue, Las Vegas, Nevada 89031, Assessor Parcel No. 124-32-812-036 (*the "Property"*). Plaintiff, Freedom Mortgage Corporation (*"Freedom Mortgage"*), claims to be the current holder and/or

2119 Spanish Town Avenue

owner of a deed of trust recorded against the Property on or about June 15, 2009, in the Official Records of the Clark County Recorder as Instrument No. 20090615-0005187 (*"First Deed of Trust"*). Complaint, ¶10. Although Freedom Mortgage claims to be the owner of the First Deed of Trust, in the same breath, it also asserts that "the Deed of Trust was and is a first priority Deed of Trust and is a federal property interest protected by the United States Constitution." Complaint, ¶27. Thus, Freedom Mortgage seemingly does not know who actually owns the First Deed of Trust, whether itself or the United States. Freedom Mortgage goes on to assert that the Property is "federal property protected by the United States Constitution." Complaint, ¶24.

Neither the First Deed of Trust nor the Property is owned by the federal government. On the contrary, by its own claim and admission, Freedom Mortgage is the owner and beneficiary of the First Deed of Trust. The Complaint does not assert that the First Deed of Trust has ever been assigned to HUD. The Property itself is owned solely by LVDG.

There is no basis whatsoever for Freedom Mortgage's claim that HUD or the United States owns either the First Deed of Trust or the Property. At most, HUD insured the payment of the mortgage debt that was formerly secured by the Property. However, Freedom Mortgage carelessly allowed this security interest to be extinguished and is thus no longer entitled to the payment of insurance proceeds. If, for the sake of argument, the United States or HUD possesses any interest in either the First Deed of Trust or the Property, Freedom Mortgage lacks standing to prosecute such claims. As a result, the instant matter must be dismissed.

## STATEMENT OF RELEVANT FACTS

Tierra De Las Palmas OA (*the "HOA"*) purchased the Property by successfully bidding at an HOA Foreclosure Sale dated August 16, 2011, in accordance with N.R.S. 116.3116, *et seq*. On or about August 17, 2011, a Trustee's Deed Upon Sale (*"HOA Foreclosure Deed"*) was recorded in the Official Records of the Clark County Recorder as Instrument No. 201108170000959, vesting title to the Property in the name of HOA. *See* **Exhibit 1**, attached hereto and incorporated herein by reference. On or about August 22, 2011, HOA sold the Property to LVDG for valuable consideration. On or about August 22, 2011, a Quitclaim Deed was recorded in the Official Records of the Clark County Recorder as Instrument No.

2119 Spanish Town Avenue

201108220001839, transferring all title and interest in the Property from HOA to LVDG. *See* **Exhibit 2**, attached hereto and incorporated herein by reference.

The Court may take judicial notice of the recorded documents attached hereto because they are public and "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned..." NRS 47.130 (2)(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("court may take judicial notice of matters of public record."). Based upon these documents, it is readily apparent that LVDG is the owner of the Property. The only question is whether the First Deed of Trust has been extinguished or not. *SFR Investments* dictates that it has.

On December 16, 2013, well before the *SFR Investments* decision, LVDG caused a Complaint to be filed against Freedom Mortgage in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-13-693213-C (*"State Court Case"*), asserting causes of action including Quiet Title; Unjust Enrichment; Equitable Mortgage; Temporary Restraining Order, Preliminary Injunction and Permanent Injunction; and Slander of Title. The State Court Case was filed in order to prevent Freedom Mortgage from wrongfully foreclosing upon its extinguished security interest. The State Court Case was litigated and ultimately stayed pending a decision from the Nevada Supreme Court. On October 21, 2014, LVDG voluntarily dismissed the State Court Case as a result of the Nevada Supreme Court's decision in the matter of *SFR Investments*. Because the Nevada Supreme Court had confirmed that the First Deed of Trust had been extinguished as a matter of law, LVDG saw no reason to continue to engage in litigation. The instant action was thereafter filed by Freedom Mortgage in an attempt to somehow circumvent the Nevada Supreme Court's ruling. However, the instant Complaint fails to state a claim upon which relief can be granted. As a result, it must be dismissed.

//
//
//
//
//

2119 Spanish Town Avenue

## II.  LEGAL ARGUMENT

**1.  STATEMENT OF THE LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6):

> Dismissal for failure to state a claim is proper ***only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief***. See *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

*Williams v. Foster*, 2013 U.S. Dist. LEXIS 142878, 4 (D. Nev. Oct. 2, 2013) (emphasis added). Well pleaded factual assertions as entitled to the assumption of their veracity. *Id.* at 5, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The burden to show that no claim exists lies with the moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

**2.  THE FIRST DEED OF TRUST HAS BEEN EXTINGUISHED AND THE COMPLAINT THEREFORE FAILS TO STATE A CLAIM AS A MATTER OF LAW**

Pursuant to *SFR Investments*, the Nevada Supreme Court has determined that the non-judicial foreclosure of an HOA lien extinguishes a first deed of trust.  The Plaintiff's Complaint alleges no defect in the sale process associated with the foreclosure of the HOA Lien in this case.  Even if it did, however, pursuant to N.R.S. 116.31166(1), the recitals made in the HOA Foreclosure Deed are conclusive proof of the matters recited, e.g., that the process complied with the applicable law for foreclosure of HOA liens.  Specifically, N.R.S. §116.31166(1) states as follows:

> 1. The recitals in a deed made pursuant to NRS 116.31164 of:
> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale,
>    are conclusive proof of the matters recited.

In this case, the HOA Foreclosure Deed states in pertinent part as follows:

> This conveyance is made pursuant to the powers granted to TIERRA DE LAS PALMAS OA and conferred upon appointed trustee by the provisions of the Nevada Revised Statutes, the TIERRA DE LAS PALMAS OA governing

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775 • Facsimile (702) 228-7719

2119 Spanish Town Avenue

documents (CC&R's) recorded as instrument number 00010 Book 970627 on JUNE 27, 1997 and that certain Delinquent Assessment Lien recorded on SEPTEMBER 29, 2010 instrument number 0000791 Book 20100929 Official Records of CLARK County; and pursuant to NRS 117.070 et Seq. or NRS 116.3115 et Seq and NRS 116.3116 through 116.31168 et Seq. The name of the owner(s) of the property (trustor) was: MARIA TERESA CASTRO.

Default occurred as set forth in a Notice of Default and Election to Sell, recorded on DECEMBER 15, 2010 as instrument 0000103 Book 20101215 which was recorded in the office of the recorder of said county. Absolute Collection Services, LLC. Has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale. Said property was sold by said agent on behalf of TIERRA DE LAS PALMAS OA at public auction on August 16, 2011 at the place indicated on the Notice of Sale. Grantee being the highest bidder at such sale, became the purchaser of said property and paid therefore to said agent the amount bid $7,790.00 in lawful money of the United States, or by satisfaction, pro tanto, of the obligations then secured by the Delinquent Assessment Lien.

*See* **Exhibit 1**.

The recitals of the HOA Foreclosure Deed are conclusive as a matter of law pursuant to N.R.S. §116.31166(1) . As a result, it is readily apparent that the First Deed of Trust was extinguished at the time of the HOA Foreclosure Sale and that Freedom Mortgage no longer possesses any interest in the Property. Under these circumstances, the Complaint fails to state a claim upon which relief may be granted and the dismissal of the Plaintiff's Complaint is necessary and proper.

Each of the Plaintiff's claims for relief herein are premised upon an assertion that the First Deed of Trust was unaffected by the HOA Foreclosure Sale. However, this assertion directly contradicts the Nevada Supreme Court's decision in the matter of *SFR Investments*. Despite the Nevada Supreme Court's determination that the foreclosure of an HOA Lien serves to extinguish first deeds of trust, Freedom Mortgage begs for a different result where the subject First Deed of Trust is secured by the United States Department of Housing and Urban Development (*"HUD"*). A different result is not called for. More importantly, however, Freedom Mortgage lacks standing to request such relief.

//

//

//

2119 Spanish Town Avenue

### 3. FREEDOM MORTGAGE LACKS STANDING TO BRING THIS ACTION ON BEHALF OF THE UNITED STATES OR HUD

Freedom Mortgage seems to seek to stand in the shoes of HUD or the United States government, asserting that HUD holds a "mortgage interest in the Property." Complaint, ¶24. Freedom Mortgage goes on to assert that the Property is "federal property protected by the United States Constitution." *Id*. Freedom Mortgage also asserts that the First Deed of Trust "is a federal property interest protected by the United States Constitution." Complaint, ¶27. No basis exists for any of these allegations and they are in fact merely legal conclusions cast as factual allegations, which this Court need not accept as true. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). To the extent that any of these allegations are true, Freedom Mortgage lacks standing to bring claims on behalf of HUD or the United States. As a result, the instant action must be dismissed.

Assuming that this Court were to accept as true the Plaintiff's claims that the United States or HUD possesses some ownership interest in either the Property or the First Deed of Trust, Freedom Mortgage lacks standing to raise these issues on behalf of said parties. By its own admission, Freedom Mortgage would not be seeking to protect its own property, but that of the federal government. The Plaintiff and the government are not one and the same. Freedom Mortgage is not entitled to any of the protections afforded the federal government. Only the person whose interest is at stake has such standing. Here, neither HUD, FHA nor the United States are parties to this lawsuit.

Fed. R. Civ. P. 19(a) governs the joinder of parties, stating as follows:

(a) Persons Required to Be Joined if Feasible.
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

2119 Spanish Town Avenue

Fed. R. Civ. P. 19. In this case, it is clear that HUD is not only a necessary party, but an indispensible party without whom this action cannot proceed. The Plaintiff asserts that HUD and the United States possess ownership interests which are constitutionally protected. Because HUD is not joined to this action, however, the claims brought by Freedom Mortgage cannot be adjudicated among the existing parties and LVDG suffers the substantial risk of incurring multiple and/or inconsistent obligations as a result of the Plaintiff's failure to join HUD as a party.

Rule 19(b) lists the following four factors to assist a court in determining whether the case should proceed or be dismissed:

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These factors "are not to be applied in any mechanical way" but rather in a "practical and pragmatic but equitable manner." *Francis Oil & Gas, Inc.* v. *Exxon, Corp.,* 661 F.2d 873, 878 (10th Cir. 1981). Applying these factors here, if this Court renders judgment in favor of Freedom Mortgage because of claims predicated on the Supremacy and Property Clauses that rightfully belong to HUD and the United States, LVDG would be extremely prejudiced because it will have no recourse against HUD, who is not a party to this action. Furthermore, without HUD as a party to this action, such prejudice cannot be lessened.

The Secretary of HUD is the only person who may sue or be sued on behalf of HUD, unless the Secretary expressly authorizes another entity or person to act on its behalf. 12 U.S.C. § 1702. Pursuant to 12 U.S.C. §1702, "[t]he **Secretary** [of HUD] **shall**, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX-B, and X, **be authorized, in his official capacity, to sue and be sued** in any court of competent jurisdiction,

2119 Spanish Town Avenue

State or Federal." (emphasis added).  In other words, Freedom Mortgage cannot sue on behalf of HUD without express authority by the Secretary to bring this action.  Thus, without proof of such authority— which this Court should require if the Plaintiff attempts to assert it is acting on behalf of HUD— Freedom Mortgage has no standing to assert such a cause of action.  As such, this action must be dismissed with prejudice.

Although it asserts on numerous occasions that it is the owner of the First Deed of Trust, Freedom Mortgage's Complaint really asserts that HUD and/or United States will suffer harm if Freedom Mortgage does not somehow, some way resurrect the security interest that it has lost due to its own errors.  Freedom Mortgage lacks standing to assert these claims.  However, as discussed in detail below, it is important to note that neither HUD nor the United States will suffer any harm if N.R.S. Chapter 116 is allowed to function in the manner in which it is and was intended and the manner in which the Nevada Supreme Court has recently confirmed that it should function.

Upon information and belief, Freedom Mortgage never assigned the First Deed of Trust to HUD prior to the HOA Foreclosure Sale.  Nor did Freedom Mortgage ever acquire or transfer any other interest in the Property to HUD.  Thus, at the time of the HOA Foreclosure Sale, neither the United States nor HUD possessed any interest whatsoever in either the First Deed of Trust or the Property.

Although Freedom Mortgage asserts that HUD holds a "mortgage interest in the Property," this is nothing more than a red herring.  HUD holds no more interest in the Property than an automobile insurer holds in a consumer's automobile.  Had Freedom Mortgage not negligently forfeited its security interest, or had Freedom Mortgage actually conveyed an interest in the First Deed of Trust or the Property to HUD, its arguments might have merit. Unfortunately, it did forfeit its security interest and it did not assign any interest in either the Property of the First Deed of Trust to HUD.  As a result, it breached its contractual obligations to HUD and HUD was relieved of any obligation to tender any payment of insurance proceeds.

//

//

2119 Spanish Town Avenue

4. **THE PROPERTY CLAUSE IS INAPPLICABLE WHERE NO INTEREST IN THE PROPERTY OR THE FIRST DEED OF TRUST HAS BEEN TRANSFERRED TO HUD**

The Property Clause of the United States Constitution applies only to property belonging to the United States. U.S. Const. Art. IV, §3, cl. 2. In this case, HUD possesses no interest in the Property. At most it is an insurer of Freedom Mortgage. As explained below, HUD is under no obligation to pay any insurance payments due to Freedom Mortgage's breach of its various obligations to HUD.

24 CFR 203.359 provides the time line under which a mortgagee is required to transfer real property to HUD, stating in pertinent part as follows:

> (b) *For mortgages insured under firm commitments issued on or after November 19, 1992, or under direct endorsement processing where the credit worksheet was signed by the mortgagee's underwriter on or after November 19, 1992—(1) Conveyance by the mortgagee.* The mortgagee must acquire good marketable title and transfer the property to the Secretary within 30 days of the later of:
> (i) Filing for record the foreclosure deed;
> (ii) Recording date of deed in lieu of foreclosure;
> (iii) Acquiring possession of the property;
> (iv) Expiration of the redemption period; or
> (v) Such further time as the Secretary may approve in writing.

Obviously, 24 CFR 203.359 specifically provides that property shall be transferred to HUD only **AFTER** the mortgagee acquires good marketable title. This is the nature of the problem that Freedom Mortgage so desperately desires to fix. It is unable to obtain good marketable title due to its own errors and is thus unable to ever transfer good marketable title to HUD.

24 CFR 203.361 provides as follows:

> **Upon receipt of notice of property transfer** the Commissioner shall accept title to and possession of the property as of the date of the filing for record of the deed to the Commissioner, subject to compliance with the regulations in this part. (Emphasis added).

In this case, the Complaint does not assert that either the First Deed of Trust nor the Property has ever been transferred to HUD. Thus, neither the First Deed of Trust nor the Property can constitute property of the United States and the Property Clause cannot apply. As a result, the instant action fails to state a claim for relief upon which relief can be granted.

2119 Spanish Town Avenue

5.     **NEITHER HUD NOR THE UNITED STATES WILL SUFFER ANY LOSS AS A RESULT OF FREEDOM MORTGAGE'S NEGLIGENCE**

Freedom Mortgage asserts that the First Deed of Trust is insured by HUD through the FHA.  Complaint, ¶24.  Freedom Mortgage goes on to assert that HUD thus holds a "mortgae interest" in the Property and that the Property is thus federal property protected by the United States Constitution.  *Id*.  However, Freedom Mortgage ignores a very simple fact: **if Freedom Mortgage failed to comply or is unable to comply with its obligations to HUD, HUD has no obligation to pay insurance payments**.

12 U.S.C. 1710 governs the payment of mortgage insurance, providing in pertinent part as follows:

> **(1) Authorized claims procedures**
> The Secretary may, in accordance with this subsection and terms and conditions prescribed by the Secretary, pay insurance benefits to a mortgagee for any mortgage insured under section 1709 of this title through any of the following methods:
> **(A) Assignment of mortgage**
> The Secretary may pay insurance benefits whenever a mortgage has been in a monetary default for not less than 3 full monthly installments or whenever the mortgagee is entitled to foreclosure for a nonmonetary default. Insurance benefits shall be paid pursuant to this subparagraph only upon the assignment, transfer, and delivery to the Secretary of—
> (i) all rights and interests arising under the mortgage;
> (ii) all claims of the mortgagee against the mortgagor or others arising out of the mortgage transaction;
> (iii) title evidence satisfactory to the Secretary; and
> (iv) such records relating to the mortgage transaction as the Secretary may require.
> **(B) Conveyance of title to property**
> The Secretary may pay insurance benefits if the mortgagee has acquired title to the mortgaged property through foreclosure or has otherwise acquired such property from the mortgagor after a default upon—
> (i) the prompt conveyance to the Secretary of title to the property which meets the standards of the Secretary in force at the time the mortgage was insured and which is evidenced in the manner provided by such standards; and
> (ii) the assignment to the Secretary of all claims of the mortgagee against the mortgagor or others, arising out of mortgage transaction or foreclosure proceedings, except such claims as may have been released with the consent of the Secretary.
> The Secretary may permit the mortgagee to tender to the Secretary a satisfactory conveyance of title and transfer of possession directly from the mortgagor or other appropriate grantor, and may pay to the mortgagee the insurance benefits to which it would otherwise be entitled if such conveyance had been made to the mortgagee and from the mortgagee to the Secretary.
> **(C) Claim without conveyance of title**
> The Secretary may pay insurance benefits upon sale of the mortgaged property at foreclosure where such sale is for at least the fair market value of the property

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 9120 W. Post Road, Suite 100 • Las Vegas, Nevada 89148 •
Telephone: (702) 254-7775  • Facsimile (702) 228-7719

2119 Spanish Town Avenue

> (with appropriate adjustments), as determined by the Secretary, and upon assignment to the Secretary of all claims referred to in clause (ii) of subparagraph (B).
> **(D) Preforeclosure sale**
> The Secretary may pay insurance benefits upon the sale of the mortgaged property by the mortgagor after default and the assignment to the Secretary of all claims referred to in clause (ii) of subparagraph (B), if—
> (i) the sale of the mortgaged property has been approved by the Secretary;
> (ii) the mortgagee receives an amount at least equal to the fair market value of the property (with appropriate adjustments), as determined by the Secretary; and
> (iii) the mortgagor has received an appropriate disclosure, as determined by the Secretary.

Thus, a secured lender is entitled to the payment of insurance benefits from HUD in the event of default by the borrower only after "assignment, transfer and delivery" of all rights and interests arising under the mortgage and title evidence satisfactory to the Secretary.  In the alternative, the lender may convey title to the Property if it has obtained the same.   Other alternatives exist where the property is sold to a third party or through a sale approved by the Secretary.  The latter alternatives are not available where the First Deed of Trust has previously been extinguished as a matter of law.

    The rules and regulations prescribed by the Secretary are set forth in 24 CFR 200 *et seq*. 24 CFR 203.363(b) provides as follows:

> (b) *For mortgages insured under firm commitments issued on or after November 19, 1992, or under direct endorsement processing where the credit worksheet was signed by the mortgagee's underwriter on or after November 19, 1992.* If, for any reason, the mortgagee fails to comply with the regulations in this subpart, the Secretary may hold processing of the application for insurance benefits in abeyance for a reasonable time in order to permit the mortgagee to comply.
> In the alternative to holding processing in abeyance, the Secretary may reconvey title to the property to the mortgagee, in which event the application for insurance benefits shall be considered as cancelled and the mortgagee shall refund the insurance benefits to the Secretary as well as other funds required by § 203.364 of this part. The mortgagee may reapply for insurance benefits at a subsequent date; provided, however, that the mortgagee may not be reimbursed for any expenses incurred in connection with the property after it has been reconveyed by the Secretary, or paid any debenture interest accrued after the date of initial conveyance or after the date conveyance was required by § 203.359 of this part, whichever is earlier, and there will be deducted from the insurance benefits any reduction in the Secretary's estimate of the value of the property occurring from the time of reconveyance to the time of reapplication.

Thus, in the event that Freedom Mortgage makes a claim for insurance proceeds from HUD and is thereafter unable to comply with HUD regulations, HUD may cancel the application for insurance benefits without payment.  One of the obligations placed upon Freedom Mortgage and

2119 Spanish Town Avenue

other lending institutions by HUD is to provide good and marketable title to HUD.

24 CFR 203.366 provides as follows:

(a) *Satisfactory conveyance of title and transfer of possession.* The mortgagee shall tender to the Commissioner a satisfactory conveyance of title and transfer of possession of the property. The deed or other instrument of conveyance shall convey good marketable title to the property, which shall be accompanied by title evidence satisfactory to the Commissioner.
(b) *Conveyance of property without good marketable title.* (1) For mortgages insured under firm commitments issued on or after November 19, 1992, or under direct endorsement processing where the credit worksheet was signed by the mortgagee's underwriter on or after November 19, 1992, if the title to the property conveyed by the mortgagee to the Secretary is not good and marketable, the mortgagee must correct any title defect within 60 days after receiving notice from the Secretary, or within such further time as the Secretary may approve in writing. (2) If the defect is not corrected within 60 days, or such further time as the Secretary approves in writing, the mortgagee must reimburse the Secretary for HUD's costs of holding the property, accruing on a daily basis, and interest on the amount of insurance benefits paid to the mortgagee at an interest rate set in conformity with the Treasury Fiscal Requirements Manual from the date of such notice to the date the defect is corrected or until the Secretary reconveys the property to the mortgagee, as described in paragraph (b)(3) of this section. The daily holding costs to be charged a mortgagee shall include the costs specified in § 203.364 of this part. (3) If the title defect is not corrected within a reasonable time, as determined by HUD, the Secretary will, after notice, reconvey the property to the mortgagee and the mortgagee must reimburse the Secretary in accordance with §§ 203.363 and 203.364 of this part.

24 CFR 203.400 provides that "[i]f the application for insurance benefits is acceptable to the Commissioner payment of the insurance claim shall be made. . ." Obviously, the tender of real property to the Commissioner without good and marketable title will not be acceptable to HUD. In such event, there is no obligation upon HUD to pay the associated insurance claim.

In this case, Freedom Mortgage is unable to obtain and convey good and marketable title to HUD because it has negligently allowed its security interest to be extinguished by operation of law. However, HUD will suffer no harm whatsoever as a result of Freedom Mortgage's negligence because HUD will not deem the application acceptable; the application for insurance will be deemed canceled; and Freedom Mortgage will be required to refund any benefits that have been paid. Freedom Mortgage is the party that will ultimately bear the economic loss associated with the extinguishment of the security interest. This is only fitting since it was Freedom Mortgage that caused the loss. However, it should be noted that Freedom Mortgage has only forfeited its security interest and it remains contractually entitled to collect the underlying

2119 Spanish Town Avenue

debt. Thus, it is not without remedies.

Clearly, 24 CFR 203.363(b) and 24 CFR 203.366 contemplate that situations can and will arise in which a mortgagee is unable to convey good and marketable title and insurance benefits shall not be paid to said mortgagee. This is also confirmed by 12 U.S.C. §1708(c)(3)(E), which provides as follows:

> The Board may at any time enter into a settlement agreement with a mortgagee to resolve any outstanding grounds for an action. Agreements may include provisions such as—
> . . .
> (iii) repayment of any sums of money wrongfully or incorrectly paid to the mortgagee by a mortgagor, by a seller or by the Federal Housing Administration;

Freedom Mortgage's failure to protect its security interest in the context of the HOA Foreclosure Sale in this case is exactly the type of situation in which the mortgagee is not entitled to the payment of any insurance proceeds. Because Freedom Mortgage failed to pay the super-priority portion of the HOA lien prior to the HOA Foreclosure Sale, the First Deed of Trust and all other security interests recorded against the Property were extinguished pursuant to *SFR Investments*. Freedom Mortgage may no longer foreclose upon the Property because it possesses no valid security interest. As a result, Freedom Mortgage is incapable of obtaining and transferring good title to HUD. However, under these circumstances, HUD is not obligated to tender any amount of insurance proceeds to Freedom Mortgage. Neither HUD, FHA, the United States nor any other federal agency will suffer any harm. Freedom Mortgage alone bears the blame and the burden for its negligent actions and inactions.

### III.
### CONCLUSION

For the reasons set forth above, the instant action must be dismissed. The Plaintiff's Complaint is based upon assertions that are completely contrary to the Nevada Supreme Court's recent decision in the matter of *SFR Investments*, which holds that the foreclosure of an HOA lien serves to extinguish first deeds of trust. To the extent that the Plaintiff asserts that *SFR Investments* is inapplicable to the facts at hand because the United States and/or its agencies possesses some ownership interest in the Property and/or deed of trust that are at issue herein, the

Plaintiff lacks standing to bring such claims. Only the Secretary of HUD is authorized to bring such claims. The Plaintiff herein has failed to join these necessary parties and the instant action must be dismissed.

DATED this ___7th___ day of January, 2015.

ROGER P. CROTEAU & ASSOCIATES, LTD.


/s/ *Timothy E. Rhoda*
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
***Attorney for Defendant***
**LAS VEGAS DEVELOPMENT GROUP, LLC**

2119 Spanish Town Avenue

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___7th___ day of January, 2015, I served via the United States District Court CM/ECF electronic filing system, the foregoing **MOTION TO DISMISS** to the following parties:

**Kevin Hahn**
Malcolm & Cisneros
2112 Business Center Drive, 2nd Floor
Irvine, CA 92612
949-252-9400
949-252-1032 (fax)
kevin@mclaw.org
*Attorneys for Defendant*
*FREEDOM MORTGAGE CORPORATION*

　　　　　　　　　　　/s/ *Timothy E. Rhoda*
An employee of ROGER P. CROTEAU & ASSOCIATES, LTD.

2119 Spanish Town Avenue